DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jeffrey Rader ("Rader"), appeals the decision of the Lorain County Court of Common Pleas denying his petition for post conviction relief. We affirm.
 I.
On March 16, 1993, the trial court convicted Rader of voluntary manslaughter with a firearm specification. The court sentenced Rader to an indefinite term of 5 to 25 years in prison for the voluntary manslaughter running consecutive with a definite sentence of 3 years for the firearm specification. This court affirmed the conviction finding that the trial court did not err in its instructions to the jury and that the conviction was not against the manifest weight of the evidence. Statev. Rader (Feb. 9, 1994), Lorain App. No. 93CA005593, unreported, at 1-2.
On October 13, 2000, Rader filed a petition for post conviction relief. The trial court denied Rader's petition for post conviction relief finding that the petition was untimely and that Rader had failed to demonstrate that he was unavoidably delayed from discovering facts that he relied on for the petition. This appeal followed.
 II. Assignment of Error No. 1: THE TRIAL COURT'S MISAPPLICATION OF THE LAW, IN DENYING THE APPELLANT'S PETITION FOR POST CONVICTION RELIEF, CONSTITUTED AN ABUSE OF DISCRETION AND THEREFORE A VIOLATION OF THE DUE PROCESS GUARANTEED UNDER BOTH THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES constitution.
In his first assignment of error, Rader argues that the trial court misapplied the law regarding his petition for post conviction relief.[1]
We disagree.
R.C. 2953.21(A)(2) provides:
 [a] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Section 3 of Senate Bill 4 created an exception to the one hundred eighty-day period for those convicted prior to the effective date of the bill:
 [a] person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
The trial court convicted and sentenced Rader on March 16, 1993. Therefore, Rader's conviction was prior to September 21, 1995. In order for his petition to be timely filed, he had to file either within the one hundred eighty-day time limit imposed by R.C. 2953.21(A)(2) or by September 21, 1996. Rader filed his petition on October 13, 2000, outside both time periods. As a result, his petition was not timely.
If a petition is not timely, a trial court has no jurisdiction to hear it unless the defendant satisfies the requirements of R.C. 2953.23(A).State v. Rivers (Oct. 7, 1998), Summit App. No. 18340, unreported, at 4-5. Pursuant to R.C. 2953.23(A), a trial court is forbidden to entertain an untimely filed petition for post conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. R.C. 2953.23(A). Id.
After a careful review of Rader's petition, we find that he did not meet either of the requirements set forth in R.C. 2953.23(A). In his petition, Rader argues that he was denied the effective assistance of counsel by trial counsel's failure to conduct a thorough investigation prior to trial. Rader has not shown that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, or that the United States Supreme Court has recognized a new right. Furthermore, Rader has failed to show by clear and convincing evidence that, but for the alleged constitutional error at trial, no reasonable factfinder would have found him guilty of the offense for which he was convicted.
We find that Rader's petition failed to meet the requirements of R.C.2953.21(A) and the trial court properly concluded that it had no jurisdiction to determine the merits of the petition. Accordingly, Rader's first assignment of error is overruled.
 III. Assignment of Error No. 2: THE TRIAL COURT'S SUA SPONTE DISMISSAL OF APPELLANT'S PETITION [FOR] POST CONVICTION RELIEF, WITHOUT AN EVIDENTIARY HEARING, AFTER THE APPELLANT HAD MADE A "PRIMA FACIE" SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL, CONSTITUTED A VIOLATION OF DUE PROCESS, AS GUARANTEED UNDER BOTH THE FIFTH AND FOURTEENTH AMENDMENTS, TO THE UNITED STATES CONSTITUTION.
In his second assignment of error, Rader argues that the trial court was required to hold an evidentiary hearing regarding his petition for post conviction relief. Having found that Rader's petition for post conviction was untimely, we find that his second assignment of error is moot.
 IV.
Rader's first assignment of error is overruled. Our disposition of the first assignment of error renders Rader's second assignment of error moot. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Rader, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.
[1] We note that the time limits imposed by R.C. 2953.21(A) have already been found not to violate the Ex Post Facto Clause of the United States Constitution. State v. Ayala (Nov. 10, 1998), Franklin County App. No. 98AP-349, unreported.